**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:08cr00271 (HHK) |
| | : | Next Event: Trial, November 9, 2009 |
| EDDIE RAY KAHN, et al., | : | |
| | : | |
| Defendants. | : | |

**DANNY TRUE'S MOTION IN LIMINE TO PERMIT**
**TERRY TRUE TO BE SEATED AT COUNSEL'S TABLE DURING TRIAL**

Comes now Danny True through his attorneys HANNON LAW GROUP, LLP, and respectfully requests that this Court permit his wife, Terry True, to sit at the counsel's table during trial.

Although Mrs. True is expected to testify, her knowledge of the factual and evidentiary information in this case is essential to the defense and therefore she is exempt from sequestration under Rule 615(3) of the Federal Rules of Evidence. In support of this motion, Mr. True submits the accompanying Memorandum of Points and Authorities.

WHEREFORE, Defendant Danny True respectfully requests that this Court permit Terry True to sit at the counsel's table during trial.

Dated October 23, 2009                           Respectfully submitted,

                                                 HANNON LAW GROUP, LLP


                                                       */s/ J. Michael Hannon*
                                                 J. Michael Hannon, #352526
                                                 Charles I. Cate, #969360
                                                 1901 18th Street, N.W.
                                                 Washington, DC 20009
                                                 (202) 232-1907
                                                 (202) 232-3704 (facsimile)
                                                 jhannon@hannonlawgroup.com
                                                 *Attorneys for Danny True*

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing **MOTION IN LIMINE TO PERMIT TERRY TRUE TO SIT AT COUNSEL'S TABLE DURING TRIAL and SUPPORTING MEMORANDUM** was sent via electronic filing this 23RD day of October, 2009, to:

Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006

Edward C. Sussman
601 Pennsylvania Avenue, NW
Suite 900-South Building
Washington, DC 20004-2601

Jonathan Jeffress
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004

James L. Lyons
KELLOGG, WILLIAMS & LYONS
1350 Connecticut Avenue, NW
Suite 600
Washington, DC 20036

Jeffrey A. McLellan
Kenneth C. Vert
Tino M. Lisella
U.S. DEPARTMENT OF JUSTICE
Tax Division
Box 972
Washington, DC 20044

by first class mail to:

Eddie Kahn, *pro se*
Inmate # 32542
Central Detention Facility
1901 D Street, SE
Washington, DC 20003

Allan Tanguay, *pro se*
21 Audubon Way
Flagler Beach, FL 32136

and by email to:

Stephen C. Hunter, *pro se*

                                         */s/ J. Michael Hannon*
                                         J. Michael Hannon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:08cr00271 (HHK) |
| | : | Next Event: Trial, November 9, 2009 |
| EDDIE RAY KAHN, et al., | : | |
| | : | |
| Defendants. | : | |

### DANNY TRUE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION IN LIMINE TO PERMIT TERRY TRUE TO BE SEATED AT COUNSEL'S TABLE DURING TRIAL

Comes now Danny True through his attorneys HANNON LAW GROUP, LLP, and respectfully requests that this Court permit his wife, Terry True, to sit at the counsel's table during trial.

### BACKGROUND

Mr. True and his counsel wish to have the assistance of his wife, Terry True, at counsel's table throughout trial. Mrs. True possesses extensive personal knowledge of the underlying facts of this case making her essential to his defense. Mrs. True has also been extremely involved in the litigation thus far. From the day of the Indictment, Mrs. True has been the principal person examining the massive amounts of documentary and electronic evidence provided by the government. This knowledge makes Mrs. True an essential member of the defense team.

Mrs. True is also expected to be a witness, and Rule 615 of the Federal Rules of Evidence provides for the sequestration of witnesses on motion or *sua sponte*. However, because Mrs. True's presence is essential to the defense, she is exempt from sequestration under Rule 615(3).

**ARGUMENT**

Rule 615 of the Federal Rules of Evidence permits the court to exclude a witness from the courtroom so she cannot hear the testimony of other witnesses. The purpose of this rule is twofold: "It exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." Geders v. United States, 425 U.S. 80, 87 (1976). However, Rule 615 is not a *per se* ban against all witnesses remaining in the courtroom:

> This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) <u>a person whose presence is shown by a party to be essential to the presentation of the party's cause</u>, or (4) a person authorized by statute to be present.

FED. R. EVID. 615 (emphasis added). A witness who has an intimate knowledge of the facts of the case such that the "party's attorney cannot effectively function without the presence and aid of the witness" or a witness who "would be unable to present essential testimony without hearing the testimony of other witnesses" is permitted to remain in the courtroom. Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co., 519 F. Supp. 668, 678 (D. Del. 1981). Because of Mrs. True's intimate knowledge of the facts and evidence in this case, her presence throughout trial is necessary.

**A.    Mrs. True's presence is essential to the presentation of Mr. True's cause.**

A witness who is "essential to the presentation of the party's cause" cannot be sequestered. FED. R. EVID. 615(3). A witness may be essential because her knowledge of the underlying facts is required to present and respond to evidence, or because her involvement in the preparation of the defense makes her necessary for efficient management of the evidence. Here, Mrs. True is essential to her husband's cause for

2

both of these reasons.

In Oliver B. Cannon & Son, Inc., the United States District Court for the District of Delaware found that a witness was essential under Rule 615(3) because of his intimate knowledge of the underlying facts. In that case, the court permitted the defendant's former attorney to remain in the courtroom because his involvement in prior litigation made him the person "most familiar with all the complex factual details underlying [the present] case." Similarly, in a sexual harassment case, Bruneau v. South Kortright Central School District, 962 F.Supp. 301 (N.D. N.Y. 1997), the school district's assistant superintendent was held to be exempt from a general sequestration order because of her knowledge of the relevant school policies, direct contact with the plaintiff's guardian regarding the allegations, and knowledge of the remedial actions had taken. In both cases, the breath and intimacy of the witnesses knowledge made them indispensible to the defense.

Furthermore, the District Court for the District of Kansas has held that a witness may be essential to the defense under Rule 615(3), not because of his personal knowledge of the facts but because his assistance was necessary to manage the case. In United States v. Cooper, 283 F.Supp.2d 1215, (D. K.S. 2003), the court held that a witness who was required to coordinate witnesses, manage evidence, assist in operating computer equipment during trial, and advise on trial strategy fit Rule 615(3) exception. Cooper, 283 F.Supp.2d at 1226. Mrs. True serves a similar role.

Mrs. True's presence throughout the trial is necessary both because of her knowledge of the underlying facts of the case, and her unmatched ability to manage the evidence in the case. Mrs. True's personal knowledge of the facts of this case derives

3

from her role as Mr. True's partner and confidant since the very beginning of his tax problems. Mrs. True has personal knowledge of her husband's tax payment history and his efforts to comply with tax law. Over the years she has developed personal relationships with the other defendants, their families, and clients of ARL. Mrs. True is an invaluable resource to the defense; her absence would prevent quick and effective responses to arguments and evidence.

Mrs. True also has a unique and extensive knowledge of the evidence to be presented by both sides in this case. From the date of the Indictment, Mrs. True has been one of the principal persons attempting to review the discovery provided by the Government. She is uniquely able to locate documents related to the defendants and necessary for cross-examination of Government witnesses. Mrs. True is more knowledgeable of the whereabouts of individual documents from the massive loads of documents the Government has dumped on counsel than any other member of the defense team. As was the witness in Cooper, Mrs. True is an essential member of the defense team. Without the assistance of Mrs. True, defense counsel will be unable to effectively manage the massive amounts of evidence in this case.

### B. Sequestration of Mrs. True does not further the purpose of FRE 615

The purpose of Rule 615 is twofold: "It exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." Geders v. United States, 425 U.S. 80, 87 (1976).

There is no risk of Mrs. True tailoring her testimony to match other testimony presented in the case because she is expected to testify as to facts that are uniquely perceptible to her as Mr. True's husband. Mrs. True will testify as to the employment of

her children at ARL, her husband's tax payment history and his efforts to comply with tax law. She will testify as to his integrity and good faith whether working to solve his own tax problems or those of others. Her testimony is based on the sort of confidence and intimacy that only exists between husband and wife. This is not testimony that is likely to be molded by the testimony of other witnesses.

Furthermore, the government will have a full opportunity to cross-examine Mrs. True. If it believes that Mrs. True has been less than candid, they are free to challenge her testimony based on her presence in the courtroom and her obvious bias in favor of her husband.

WHEREFORE, Defendant Danny True respectfully requests that this Court permit Terry True to sit at the counsel's table during trial.

Dated October 23, 2009						Respectfully submitted,

								HANNON LAW GROUP, LLP


								   /s/ J. Michael Hannon
								J. Michael Hannon, #352526
								Charles I. Cate, #969360
								1901 18th Street, N.W.
								Washington, DC 20009
								(202) 232-1907
								(202) 232-3704 (facsimile)
								jhannon@hannonlawgroup.com
								chascate@hannonlawgroup.com

								*Attorneys for Danny True*

5