UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| EDDIE RAY KAHN, | : | |
| STEPHEN C. HUNTER, | : | CRIMINAL NO. 08-271 |
| DANNY TRUE, | : | HON. HENRY H. KENNEDY, JR. |
|    a/k/a/ DARBY, | : | |
| JERRY R. WILLIAMSON, | : | |
|    a/k/a/ JAY ARR, and | : | |
| ALLAN J. TANGUAY, | : | |
|    a/k/a/ ARNOLD, | : | |
| | : | |
|    Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DANNY TRUE'S MOTION IN LIMINE
TO PERMIT TERRY TRUE TO BE SEATED AT COUNSEL'S TABLE DURING TRIAL**

Defendant True has requested that the Court permit defendant True's wife, Terry True, to be present in the courtroom and at defense counsel table during the trial in this case even though Mrs. True is expected to testify on her husband's behalf. This proposed seating of the defendant's testifying spouse would require the Court to grant an exception to the rule on the sequestration of trial witnesses, commonly known as the rule on witnesses. See Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion."). Defendant True's motion is based on Federal Rule of Evidence 615(3), which provides an exception to the rule on witnesses for "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed. R. Evid. 615(3). The Court should deny defendant True such an exception for his testifying wife.

Rule 615 "carries a strong presumption in favor of sequestration." United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995). Therefore, the party seeking an exception to the rule on witnesses has the burden of convincing the Court that the witness it seeks to remain in the courtroom is essential to the presentation of that party's case. Government of the Virgin Islands v. Edinborough, 625 F.2d 472, 475 (3d Cir. 1980). Proper considerations in this analysis include "the case's complexity, the trial's length, the extent of the witness's knowledge or expertise, the risks posed by not excluding the witness, and whether others are already present or available to help counsel." 29 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 6245 (2009). The question of whether a witness is essential to a party's cause is committed to the sound discretion of the Court. Tasty Baking Co. v. N.L.R.B., 254 F.3d 114, 123 (D.C. Cir. 2001).

Despite defendant True's bald assertions that Mrs. True has "knowledge of the underlying facts of the case" and an "unmatched ability to manage the evidence in this case," (Def.'s Mot. 3), he cannot meet his burden under Rule 615(3) because the Advisory Notes to Rule 615(3) and case law interpreting Rule 615(3) do not lend support for his request. First, the 1974 Advisory Committee Note to Rule 615 states that the third exception to the rule of sequestration "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." Mrs. True is neither an agent nor an expert; to the contrary, defendant True anticipates calling her as a fact witness. The presence of a non-law enforcement fact witness in the courtroom during the testimony of other witness was clearly not a situation that was contemplated by the drafters of Rule 615(3).

Second, defendant True misunderstands what it means for someone to be an "essential witness." As one court has stated:

> Presumably every witness has essential testimony or evidence. What must be shown is that a witness has such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function without the presence and aid of that witness or that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses.

Oliver B. Cannon & Son, Inc. v. Fidelity Casualty Co. of N.Y., 519 F.Supp. 668, 678 (D. Del. 1981). It follows that if there is another person with specialized knowledge of the case who is not subject to sequestration and who is capable of serving the same function as the witness, the witness cannot possibly be considered "essential" and should be excluded from the courtroom. See 29 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 6245 n.42 (2009) (citing Jackson, 60 F.3d at 135 & United States v. Phibbs, 999 F.2d 1053, 1073 (6th Cir. 1993)).

In the present case, there has been no indication that defendant True will be absent from the trial or that he will be otherwise unable to assist in his own defense. Defendant True is as knowledgeable, if not more knowledgeable, than his wife regarding his taxpaying history, his efforts to comply with tax laws, and his interactions with his co-defendants, their families, and clients of ARL/GLGM. Defendant True will be able to provide his counsel same "quick and effective responses to arguments and evidence" that Mrs. True could provide. (See Def.'s Mot. 4.) Additionally, defendant True's counsel may be joined in the courtroom by co-counsel and/or a paralegal or legal assistant to help him "effectively manage the massive amounts of evidence in this case." (See id.) Indeed, Ms. Barto, Administrative Paralegal for the Hannon Law Group, LLP, has fulfilled this function for more than a year, so far as the government can ascertain.

Accordingly, Mrs. True cannot be deemed to be an "essential" witness within the meaning of Rule 615(3).

Finally, defendant True underestimates the risks posed by not excluding Mrs. True from the courtroom while other witnesses are testifying. Whether a witness's testimony is subject to tailoring and whether there is "any potential for bias that might motivate the witness to tailor [her] testimony" are two factors that a court may consider in determining whether the witness should be exempt from sequestration. United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995). Defendant True has not proffered what the subject of his wife's testimony will be, but the government submits that, at a minimum, she will testify about her husband's actions during the years at issue in this case. If Mrs. True is present in the courtroom as government witnesses testify about defendant True's misconduct, there is a high risk that she will tailor her testimony accordingly. Similarly, if Mrs. True is present in the courtroom as other of defendant True's witnesses testify, there is a risk that she will tailor her testimony to bolster those witnesses.

These risks are compounded by the potential for bias in light of the marital relationship between defendant True and Mrs. True. In United States v. Agnes, 753 F.2d 293, 307 (3d Cir. 1985), abrogated on other grounds by Smith v. Borough of Wilkinsburg, 147 F.3d 272 (3d Cir. 1998), the Court of Appeals affirmed a trial court's refusal to designate the defendant's girlfriend as an "essential" witness, reasoning "that because of the close personal relationship between defendant and [his girlfriend], the possibility of collusion and fabrication of testimony was present." The risks posed by allowing Mrs. True to remain in the courtroom clearly outweigh any benefit that her presence affords the defense team.

For the foregoing reasons, the government respectfully requests that the Court deny defendant True's Motion in Limine to Permit Terry True to be Seated at Counsel's Table During Trial.

                      Respectfully submitted,

                      JOHN A. DICICCO
                      Acting Assistant Attorney General,
                      Tax Division

By:    /s/ Melissa S. Siskind
        Melissa S. Siskind
        Trial Attorney
        U.S. Department of Justice, Tax Division
        P.O. Box 972
        Washington, DC 20044
        Telephone: (202) 305-4144
        Fax: (202) 616-1786
        melissa.s.siskind@usdoj.gov

Dated: October 30, 2009

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in this case.  I hereby further certify that on October 230 2009, I submitted the foregoing to be served by First Class mail, postage prepaid to:

Eddie Kahn
*Pro Se Defendant*

Alan Tanguay
*Pro Se Defendant*

Stephen C. Hunter
*Pro Se Defendant*


                                       By:    /s/ Melissa S. Siskind
                                                     Melissa S. Siskind
                                                     Trial Attorney