**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:08cr00271 (HHK) |
| | : | |
| EDDIE RAY KAHN, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DANNY TRUE**
**FOR CLARIFICATION OF THE COURT'S**
**ORDER #229 GRANTING GOVERNMENT'S**
**MOTION IN LIMINE WITH RESPECT TO EVIDENCE OF LOSS**

Defendant Danny True, through his attorneys, HANNON LAW GROUP, LLP, respectfully move the Court for clarification of its Order of November 9, 2009 granting in part the Government's Consolidated Motion in Limine with respect to exclusion of evidence or argument that neither the Government nor ARL customers suffered tax or economic loss.

**ARGUMENT**

In its Consolidated Motion in Limine the Government asked the Court to exclude any evidence or argument that the Government or ARL customers suffered tax or economic loss. The reasons given were that proof of actual loss is not required to convict under either 18 U.S.C. § 371 or under 18 U.S.C. § 1341 (Government's Motion at 14) and that an argument that no loss was suffered invites jury nullification (Government's Motion at 15).

In its Order granting in part the Government's Consolidated Motion in Limine, the Court excluded, among other things:

    3.    <u>Evidence that neither the Government nor the clients of ARL suffered tax or economic loss</u> and argument that in the absence of such loss no crime was committed;

1

(Order #229 filed November 9, 2009)(emphasis supplied).  Given the nature of the pleadings on this issue, Mr. True is of the view that the Court's order inadvertently expands the intent of the ruling.  Mr. True conceded that he would not argue that the absence of any economic loss *vel non* means "no crime was committed."  However, Mr. True is confident that the Court did not mean that the parties <u>cannot present evidence of the absence of any loss</u>.  That is so because of the usual jury instructions and case law in numerous cases dealing with fraud in which there is no loss.  In his motion, Mr. True referred to one such case.

The Department of Justice's own Criminal Resource Manual liberally quotes from <u>United States v. D'Amato</u> on this very issue as follows:

> The scheme to defraud need not have been successful or complete. Therefore, the victims of the scheme need not have been injured.  However, the government must show "that some actual harm or injury was contemplated by the schemer." Because the defendant must intend to harm the fraud's victims, "[m]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution." "Instead, the deceit must be coupled with a contemplated harm to the victim."  In many cases, this requirement poses no additional obstacle for the government.  When the "necessary result" of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.  <u>Where the scheme does not cause injury to the alleged victim as its necessary result, the government must produce evidence independent of the alleged scheme to show the defendant's fraudulent intent</u>.

39 F.3d 1249, 1257 (2d Cir. 1994) (citations and footnote omitted; emphasis supplied).  Hence, the absence of an economic loss is an evidentiary fact which both sides are free to expose. <u>United States v. D'Amato</u> states that where there is no economic loss, the government's burden is greater.  Therefore, the Court obviously cannot exclude evidence that there was no economic loss.  A defendant is free to emphasize the absence of an economic loss in order to hold the Government to this greater burden of proof.  That is so because deceit without intent to steal is not a crime.

2

While, Mr. True has no intention of arguing that the absence of any loss by itself precludes conviction or that the jury should find him not guilty on that ground, Mr. True seeks to present evidence and argument that bears on the essential element of <u>fraudulent intent</u>, which is an essential element for conviction under either statute and which the government bears the burden of proving beyond a reasonable doubt.  The government must introduce evidence from which the jury can conclude that, though no loss was suffered by the Government or by ARL customers, Mr. True nevertheless intended or contemplated that some loss would result from his actions.  Mr. True must be permitted to rebut the government's evidence with his own evidence that no such harm was intended.

In virtually all cases under 18 U.S.C § 371 and 18 U.S.C. § 1341 where there has been a loss or harm inflicted on the victim, the Government has naturally been allowed to introduce proof of that loss or harm as a means of proving fraudulent intent.  Furthermore, in those cases where there was no loss, defendants have been allowed to introduce evidence of that fact.  <u>See</u>, e.g. <u>United States v. Bush</u>, 522 F.2d 641, 648 (7th Cir. Ill. 1975), <u>United States v. Gross</u>, 416 F.2d 1205, 1209 (8th Cir. Iowa 1969), <u>United States v. Feldman</u>, 136 F.2d 394, 396 (2d Cir. N.Y. 1943).  Yet in Mr. True's case, where the evidence will show that there was no loss, the government seeks to exclude such evidence.  Such exclusion is clearly impermissible under established case law.

In <u>United States v. Regents Office Supply Co., Inc.</u>, 421 F.2d 1174 (2nd Cir. 1970), for example, salesmen were convicted of mail fraud for making false representations[1] to customers in the sale of their company's wares.  Their convictions were reversed, however, because there was no evidence of loss to the customers and the Government had not proved that the admittedly

---

[1] The defendants even stipulated that the representations were false.

deceitful conduct was intended to produce harm or loss. <u>United States v. Regents Office Supply Co., Inc.</u>, 1179-81. Although the government argued that the false representations themselves proved fraudulent intent "despite the absence of any evidence of tangible harm suffered by customers", (*Id* at 1180), the Court disagreed:

> Since only a "scheme to defraud" and not actual fraud is required for conviction, we have said that "it is not essential that the Government allege or prove that purchasers were in fact defrauded." <u>United States v. Andreadis, 366 F.2d 423, 431 (2d Cir. 1966)</u>. But this does not mean that the government can escape the burden of showing that some actual harm or injury was *contemplated* by the schemer.

(*Ibid*, emphasis in the original)

\*\*\*

> Although proof that the injury was accomplished is not required to convict under 1341, we believe the statute does require evidence from which it may be inferred that some actual injury to the victim, however slight, is a reasonably probable result of the deceitful representations if they are successful. See <u>Horman v. United States, 116 F. 350, 352 (6th Cir. 1902)</u>.

\*\*\*

> On the evidence before us, consisting principally of the stipulated falsehoods and the testimony of the defendants' president, we conclude that the defendants intended to deceive their customers but they did not intend to defraud them, <u>because the falsity of their representations was not shown to be capable of affecting the customer's understanding of the bargain nor of influencing his assessment of the value of the bargain to him, and thus no injury was shown to flow from the deception.</u>

(<u>United States v. Regents Office Supply Co., Inc.</u> , at 1182, emphasis added)

Mr. True contends that just as proof of an actual loss is admissible to prove intent to cause that loss, so too the absence of any loss is evidence that he neither intended nor contemplated a loss or harm either to the IRS or to ARL customers and that he therefore lacked intent to defraud necessary for a conviction.

Mr. True understands from this Court's Order that he is not to introduce such evidence for the proposition that in absence of such loss no crime has been committed, nor for the purpose of seeking jury nullification. Mr. True believes, however, that the Court's intention was only to exclude such evidence and argument to the extent it is offered for the prohibited purpose; but not to exclude it for the limited purpose of rebutting the Government's efforts to prove intent to defraud. Furthermore, Mr. True believes that with proper instruction the jury will be entirely capable of distinguishing the limited purpose of the evidence, as well as resisting any inclination it might have to nullify the statute. The interests of justice and the risk of prejudice to Mr. True far outweigh the risk of either of these outcomes.

Finally, the Government has also indicted Mr. True for a Klein-conspiracy. The Government must prove beyond a reasonable doubt that Mr. True engaged in acts to obstruct or interfere with one of the United States government's lawful functions, "by deceit, craft, or trickery, or at least means that are dishonest". United States v. Caldwell, 989 F.2d 1056, 1059 (9th Cir. 1993, quoting Hammerschmidt v.United States, 265 U.S. 182, 188 (1924)   If the IRS was not fooled by any of the activities of ARL and suffered no loss, the jury may well conclude that ARL's representations were not "material."  If the IRS was not fooled by any of the activities of ARL, the jury may well conclude that defendants' actions did not constitute "deceit, craft, trickery, or dishonest means." In other words, the jury might conclude that defendants were exercising their right of free speech to engage the Government in verbal combat. That there was no actual financial loss to the Government is relevant to whether defendants had the intent to interfere with the IRS.

Simple fairness also supports Mr. True's position. The Government intends in its proof

5

to demonstrate through a summary witness that ARL produced fictitious Bills of Exchange worth $1,119,885,190. Government Exhibit 340. Not a single dollar was lost by the Government as a result of these transactions. That is so because the IRS has always organized itself to deal with what it characterizes as both legitimate and illegitimate transactions. The IRS and the Department of the Treasury have branches and offices to process accurate returns, returns with errors, returns to be audited, returns that are frivolous, returns that include fictitious financial instruments, and correspondence it deems frivolous. Mr. True is free to argue that in exercising his right of free speech, he was partaking in a process that the Government contemplated as part of its administration of the laws. That there was no loss supports Mr. True's contention that he intended no harm and did not in fact interfere with the IRS. The Government cannot send a person to prison simply because it became agitated by his repeated assertion of frivolous arguments.

For this reason Mr. True respectfully asks that the Court clarify its Order to avoid any misunderstanding by the parties.

Dated November 10, 2009                     Respectfully submitted,

                                            HANNON LAW GROUP, LLP


                                                /s/ J. Michael Hannon
                                            J. Michael Hannon, #352526
                                            Charles I. Cate, #969360
                                            1901 18th Street, N.W.
                                            Washington, DC 20009
                                            (202) 232-1907
                                            (202) 232-3704 (facsimile)
                                            jhannon@hannonlawgroup.com
                                            chascate@hannonlawgroup.com

                                            *Attorneys for Danny True*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent via electronic filing this 10th day of November 2009 to:

Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 300
Washington , DC 20006

Edward C. Sussman
601 Pennsylvania Avenue, NW
Suite 900-South Building
Washington, DC 20004-2601

Jonathan Jeffress
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004

James L. Lyons
KELLOGG, WILLIAMS & LYONS
1350 Connecticut Avenue, NW
Suite 600
Washington, DC 20036

Jeffrey A. McLellan
Kenneth C. Vert
Tino M. Lisella
U.S. DEPARTMENT OF JUSTICE
Tax Division
Box 972
Washington, DC 20044

and by email to:

Stephen C. Hunter, *pro se*

/s/ J. Michael Hannon

J. Michael Hannon